**C. John Cotton, #5-2170**
Cotton Law Offices
222 South Gillette Ave., Ste 601
Gillette, WY 82716
(307) 682-9887 – telephone
(307) 682-9888 – facsimile
john@cottonlaw.net

**Timothy C. Cotton, #6-3844**
CottonLegal
130 North Ash Street, Ste 105
Casper, WY 82601
(307) 265-0208 – telephone
(307) 265-0319 – facsimile
t.cotton@cottonlegal.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HAYDEN NISSEN, by and through Amy Munoz and Nicholas Munoz as Guardians and Conservators for HAYDEN NISSEN; AMY MUNOZ and HANNAH NISSEN, individually; and K.C.M. and K.N.M. minors, by and through Amy Munoz and Nicholas Munoz as Parents, Natural Guardians and/or Best Friends of K.C.M. and K.N.M.;<br><br> Wyoming Residents,<br><br> *Plaintiffs,*<br><br>vs.<br><br>CONTANGO RESOURCES, LLC<br> A Delaware Company,<br><br> *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 23-CV-31-KHR<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, by and through their undersigned attorneys, and for their claims against the Defendant, state and allege as follows:

### I.
### PARTIES, JURISDICTION AND VENUE

1.    Hayden Nissen is a Plaintiff in this action, and was electrocuted on or about July 26, 2022, in the County of Natrona, Wyoming by the tortious and

1

wrongful conduct of the Defendant Contango Resources LLC. Mr. Nissen was 22 years old at the time of his electrocution, which caused permanent, catastrophic injuries. Mr. Nissen's injuries occurred as a result of the tortuous conduct of the Defendant as hereinafter described.

2.      Amy Munoz is the natural mother of Plaintiff Hayden Nissen. Nicholas Munoz is the stepfather of Plaintiff Hayden Nissen. Amy Munoz and Nicholas Munoz are Guardians and Conservators of and for Hayden Nissen.

3.      Hannah Nissen is an adult sister of Hayden Nissen, and K.C.M. and K.N.M are minor children and siblings of Hayden Nissen. Amy Munoz is the natural mother of K.C.M. and K.N.M, who minor children and siblings of Hayden Nissen. Nicholas Munoz is the natural father of K.C.M. and K.N.M. Amy Munoz and  Nicholas Munoz are Parents, Natural Guardians and/or Best Friends of K.C.M. and K.N.M.

4.      The Plaintiffs are all residents of Wyoming. Hayden Nissen, Amy Munoz, Nicholas Munoz and K.C.M. and K.N.M are residents of Casper, Natrona County, Wyoming, and Hannah Nissen is a resident of Worland, Wyoming.

5.      The Defendant Contango Resources, LLC is a Delaware Company.

6.      During all time periods relevant to this matter, the Defendant Contango Resources, acted by and through, and is liable for the conduct of, its employees, agents and representatives.

7.    The Court has jurisdiction of the subject matter of this action, and has personal jurisdiction over the parties.

8.    The amount in controversy is sufficient to satisfy the jurisdictional requirements of the court.

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, specifically 28 U.S.C. Section 1332(a)(1).

10.    Venue is proper in the United States District Court for the District of Wyoming pursuant to 28 U.S.C. Section 1391.

11.    Plaintiffs are entitled to recover from Contango Resources LLC in accordance with W.S. § 27-14-105.  A copy of this Complaint is being served on the Director of the Wyoming Workers' Compensation Division and the Wyoming Attorney General.

## II.
## FACTS COMMON TO ALL CLAIMS FOR RELIEF

1.    Plaintiffs hereby incorporate by reference all preceding paragraphs.

2.    This action arises out of injuries to Hayden Nissen that occurred on or about July 26, 2022, in Natrona County, Wyoming.

3.    The work that was being performed on July 26, 2022 was ultra-hazardous, resulting in enhanced and non-delegable duties and responsibilities on the part of the Defendant.

3

4.      As of July 26, 2022, and for an unknown but significant time prior thereto, Defendant Contango had a well location near Midwest, Natrona County, Wyoming, that had a high voltage (34,500 V) electrical line passing over the top of the well.

5.      On July 26, 2022, Plaintiff Hayden Nissen was catastrophically injured at the well location where Contango had a high voltage (34,500 V) electrical line passing over the top of the well.

6.      It was unsafe, hazardous and dangerous for Contango to have a well location with a high voltage (34,500 V) electrical line passing over the top of the well.

7.      Contango's conduct in having an unsafe, hazardous and dangerous well location with a high voltage (34,500 V) electrical line passing over the top of the well created hazards and dangers for invitees as well as for Contango's own employees, agents and representatives.

8.      Upon information and belief, the power line passing over the well location was low hanging, was used exclusively for Contango operations, and was within the control, operational and otherwise, of Contango.

9.      Upon information and belief, there was no need for Contango to have a low hanging high voltage power line passing over the well location at the site where Plaintiff Hayden Nissen was injured.

10.    Upon information and belief, Contango did not have proper signage at the location where Contango's low hanging, high voltage power line passed over the well location where Plaintiff Hayden Nissen was injured.

11.    Upon information and belief, Contango's conduct in having a low hanging, high voltage power line passed over the well location where Plaintiff Hayden Nissen was injured was contrary to safety standards and policy.

12.    Upon information and belief, Contango's failure to have proper signage at the location where Contango's low hanging, high voltage power line passed over the well location where Plaintiff Hayden Nissen was injured was contrary to safety standards and policy.

13.    During time periods relevant to this matter, Contango employees, agents and/or representatives supervised work activities of Gunner Slaymaker, Hayden Nissen and their co-workers.

14.    During time periods relevant to this matter Contango Rig Supervisor Barry Haskins was supervising Gunner Slaymaker's activities and work, and was Gunner Slaymaker's supervisor.    Gunner Slaymaker was, in turn, Hayden Nissen's first line supervisor.

15.    Upon information and belief, at approximately 10:26 am on July 26, 2022, Contango Rig Supervisor Barry Haskins instructed Gunner Slaymaker to go to the well location where the injury occurred, and perform certain operations on the well for Contango.

16.    At approximately 10:26 am, Mr. Haskins sent Gunner Slaymaker a picture of the well and a map so that Mr. Slaymaker could find the well, together with instructions as to what was to be done at the location.

17.    Contango had control of and over the well location that Mr. Haskins directed Mr. Slaymaker to go to and work on, as well as the responsibility and ability to make the site safe, including de-energizing the lines and/or shutting off the power.

18.    Despite having control of and over the well location, as well as the responsibility and ability to make the site safe to de-energize the lines, Mr. Haskins / Contango did not de-energize the low hanging lines or make the site safe at any time prior to Plaintiff Hayden Nissen's electrocution.

19.    At approximately 10:44 am, Mr. Haskins went to the well location and personally observed Contango's low hanging, high voltage power line passing over the well location where Mr. Haskins had directed Mr. Slaymaker and Mr. Nissen to work.

20.    Despite having personal knowledge of Contango's low hanging, high voltage power line passing over the well location, Mr. Haskins / Contango did not de-energize the low hanging lines or make the site safe at any time prior to Plaintiff Hayden Nissen's electrocution.

21.    Despite having personal knowledge of Contango's low hanging, high voltage power line passing over the well location, Mr. Haskins / Contango did not "lock out tag out" the site.

22.    Despite having personal knowledge of Contango's low hanging, high voltage power line passing over the well location, Mr. Haskins / Contango did not place signage at the location to prevent injuries to workers.

23.    Despite having personal knowledge of Contango's low hanging, high voltage power line passing over the well location, Mr. Haskins / Contango did not remain at the site to make sure that Mr. Slaymaker and/or Mr. Nissen were not injured while attempting to work on the location.

24.    Despite having personal knowledge of Contango's low hanging, high voltage power line passing over the well location, and despite the fact that Mr. Haskins was personally working just a short distance away, Mr. Haskins / Contango did not monitor and/or have some else monitor the site to make sure that Mr. Slaymaker and/or Mr. Nissen were not injured while attempting to work on the location.

25.    Despite having personal knowledge of Contango's low hanging, high voltage power line passing over the well location, and despite the fact that Mr. Haskins was personally working just a short distance away, Mr. Haskins / Contango did not de-energize the low hanging, high voltage power line to make

sure that Mr. Slaymaker and/or Mr. Nissen were not injured while attempting to work on the location.

26.    Contango supervisor Barry Haskins claims that he called Gunner Slaymaker at approximately 11:03 and told him not to work on the well because the well was too dangerous to work on.

27.    Gunner Slaymaker's written statement regarding the same conversation indicates that Mr. Haskins actually gave him further instructions on work to be done on the well and to "rig up" on it.

28.    Upon information and belief, Contango claims / will claim that there was "poor reception" in the area, and that Gunner Slaymaker misunderstood what was said in the 11:03 telephone call.  If Contango supervisor Barry Haskins actually told Gunner Slaymaker not to work on the well because the well was too dangerous to work on, it was wrongful, negligent and irresponsible for Mr. Haskins to purport to "phone it in" to convey life and death information in a telephone call with "poor reception", in an area known for poor reception.

29.    Also upon information and belief, Gunner Slaymaker's account of the phone call is consistent with the facts and with what later occurred.

30.    Gunner Slaymaker and Hayden Nissen arrived at the location at approximately 12:00 noon.  Gunner Slaymaker was operating the "boom", and Hayden Nissen was holding the well head chain and weight indicator.

8

31.    According to Gunner Slaymaker's written statement, as he operated the boom, electricity "arched" from the line to the boom, and Hayden was electrocuted, receiving a severe electrical shock, with the electrical charge entering and then exiting his body as it traveled from Contango's low hanging line to the ground.

32.    When the EMS and Natrona County Sheriff's Office personnel arrived at the scene, they were informed by Contango employees, agents and/or representatives that, following Plaintiff Nissen's electrocution, Contango had de-energized the high voltage line, rendering the site safe.

33.    Hayden Nissen sustained catastrophic injuries in and as a result of the incident. He was treated at the scene, and then transported by emergency medical services to facilities in Casper. After a short stay in medical facilities in Casper, Hayden was transported to Billings, Montana and then to Craig Rehabilitation in Colorado for specialized medical care and treatment.

34.    Hayden remained in a coma for an extended period of time. Hayden has regained consciousness. Despite extensive rehabilitation, his condition is extremely serious, including paralysis, limited to non-existent eyesight, and memory, focus, and communication issues. Hayden continues to receive and be in need of specialized medical care and services.

35.    As a result of the tortuous conduct of the Defendant, Mr. Nissen has sustained catastrophic and permanent injuries.

36.    As a result of the injuries and damages to the Plaintiff, Hayden Nissen, the remaining Plaintiffs have sustained a loss of the care, comfort, and society of the Plaintiff, Hayden Nissen.

37.    Plaintiffs are entitled to recover from Defendant those damages proximately caused by the conduct of the Defendant including, but not limited to damages for past, present and future medical expenses, costs of special accommodations, lost wages, vocational loss, pain and suffering, disfigurement, disability, loss of enjoyment of life, loss of consortium, loss of care, comfort, and society, and damages associated with being placed in the role of caregiver.

**III.**
**CLAIMS AGAINST DEFENDANT, CONTANGO RESOURCES LLC**

1.    The facts and allegations contained in the preceding paragraphs are hereby incorporated by reference.

2.    The conduct of the Defendant was negligent, wrongful and tortuous, and  proximately resulted in the injuries to Plaintiffs.

3.    Wrongful and tortious conduct of Defendant Contango Resources LLC, resulting in the July 26, 2022 injuries to Plaintiff Hayden Nissen and associated injuries and damages to all Plaintiffs include but are not limited to the following:

      A.    Contango's conduct in having a low hanging, high voltage power line passing over a well location at the site where Plaintiff Hayden Nissen was injured;

B.    Contango's conduct in not having proper signage at the location where Contango's low hanging, high voltage power line passed over the well location where Plaintiff Hayden Nissen was injured;

C.    Contango's conduct in instructing Gunner Slaymaker and Hayden Nissen to perform work on the location where Contango's low hanging, high voltage power line passed over the well location;

D.    Contango's conduct in not de-energizing the low hanging, high voltage power line to make sure that Mr. Slaymaker and/or Mr. Nissen were not injured while attempting to work on the location;

E.    Contango's conduct in not immediately "locking out tagging out" the location when its supervisor visited the site and personally observed Contango's low hanging, high voltage power line passing over the well location where he had directed Mr. Slaymaker and Mr. Nissen to work;

F.    If Contango supervisor Barry Haskins actually told Gunner Slaymaker not to work on the well because the well was too dangerous to work on, it was wrongful, negligent and irresponsible for Mr. Haskins to purport to convey life and death information in a telephone call with "poor reception", in an area known for poor reception;

G.    Contango's conduct in not effectively communicating to Gunner Slaymaker that they WERE NOT to work on the site, after Contango's supervisor visited the site and personally observed the low hanging, high voltage power line passing over the well location where he had directed Mr. Slaymaker and Mr. Nissen to work;

H.    Contango's conduct in not immediately placing appropriate signage at the location to prevent injuries to workers when its supervisor visited the site and personally observed Contango's low hanging, high voltage power line passing over the well location where he had directed Mr. Slaymaker and Mr. Nissen to work;

11

I.    Contango's conduct in not having someone remain at the location to prevent injuries to workers when its supervisor visited the site and personally observed Contango's low hanging, high voltage power line passing over the well location where he had directed Mr. Slaymaker and Mr. Nissen to work; and

J.    Contango's conduct in not monitoring the location to prevent injuries to workers when its supervisor visited the site and personally observed Contango's low hanging, high voltage power line passing over the well location where he had directed Mr. Slaymaker and Mr. Nissen to work.

4.    Defendant Contango Resources LLC is liable to Plaintiffs for its negligent, wrongful and tortuous conduct, including but not limited to, the following:

**A.**    **Liability from ultra-hazardous activities and non-delegable duties:**

1) Work on and/or in connection with Contango's well location with low hanging, high voltage lines directly overhead, was ultra-hazardous;

2) Contango's duties, obligations and responsibilities associated with work on and/or in connection with its well location with low hanging, high voltage lines directly overhead, were non-delegable;

3) Contango breached non-delegable duties, obligations and responsibilities associated with work on the location and the injuries to Hayden Nissen;

4) Contango is liable for the July 26, 2022 injuries to Plaintiff Hayden Nissen and associated injuries and damages to all Plaintiffs.

**B.    Premises liability:**

    1) Contango had and breached obligations to keep the premises in a safe condition;

    2)  Contango had and breached its affirmative duty to protect visitors such as Hayden Nissen against dangers known to it and dangers discoverable with the exercise of reasonable care, including dangers associated with Contango's low hanging, high voltage power line passing over the well location that Mr. Slaymaker and Mr. Nissen had been asked to work on;

    3) Contango is liable to Plaintiffs for its breach of duties associated with premises liability.

**C.    Direct liability:**

    1) Contango is responsible for the conduct of its employees, agents and/or representatives, including Contango Rig Supervisor Barry Haskins, and all Contango representatives making decisions with regard to the location and/or safety at the location;

    2) Contango had and retained control over the work and hazards associated with the work that resulted in Hayden Nissen's electrocution, including having and/or assuming affirmative duties with regard to safety;

    3) Control retained by Contango, and duties it had or assumed with regard to safety, included but is not limited to:

        (a) Control over the location and work site;
        (b) Control over the well;
        (c) Control over the low hanging power lines;
        (d) Control over de-energizing the lines;
        (e) Control over Gunner Slaymaker and his crew;
        (f) Control over signage;
        (g) Control over "locking out tagging out" the location;
        (h) Control over monitoring the location.

4) Contango is liable to Plaintiffs for the conduct of its employees, agents and/or representatives, including Contango Rig Supervisor Barry Haskins, with regard to the location and/or safety at the location.

**D.    Vicarious Liability:**

1) Contango undertook to and did supervise the activities of workers, including Gunnar Slaymaker and Hayden Nissen;

2) Contango is vicariously liable for the conduct of workers at the location and/or performing work at or in connection with the location, including any claimed negligence of Gunnar Slaymaker and/or Hayden Nissen; and

3) Contango is liable for the July 26, 2022 injuries to Plaintiff Hayden Nissen and associated injuries and damages to all Plaintiffs

5.    As a result of the injuries and damages to the Plaintiff, Hayden Nissen, the remaining Plaintiffs have sustained a loss of the care, comfort, and society of the Plaintiff, Hayden Nissen.

6.    Plaintiffs are entitled to recover from Defendant those damages proximately caused by the conduct of the Defendant including, but not limited to damages for past, present and future medical expenses, costs of special accommodations, lost wages, vocational loss, pain and suffering, disfigurement, disability, loss of enjoyment of life, loss of consortium, loss of care, comfort, and society, and damages associated with being placed in the role of caregiver.

14

**IV.**
**CLAIMS LOSS OF CONSORTIUM**

1.      Plaintiffs hereby incorporate by reference all preceding paragraphs.

2.      Amy Munoz is the natural mother of Hayden Nissen.

3.      Hannah Nissen, K.C.M. and K.N.M are the siblings of Hayden Nissen

4.      That as a result of the wrongful and negligent acts of the Defendant, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium in connection with their relationship with Hayden Nissen.

5.      That all the injuries and damages were proximately caused by the wrongful conduct of the Defendant.

6.      Plaintiffs Amy Munoz, Hannah Nissen, K.C.M. and K.N.M are entitled to recover from Defendant those damages proximately caused by the conduct of the Defendant including claims for loss of consortium; loss of care, comfort, and society; and damages associated with being placed in the role of caregiver.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiffs against Defendant and that the Court enter judgment in favor of and award Plaintiffs that amount of damages to which they are entitled, including, but not limited to damages for past, present and future medical expenses, costs of special accommodations, lost wages, vocational loss, pain and suffering,

caregiver, and for such other and further relief as the Court deems just and equitable.

Dated February __15__, 2023         Counsel for Plaintiffs:

C. John Cotton, #5-2170
Cotton Law Offices
222 South Gillette Avenue
Suite 601
Gillette, WY  82716
(307) 682-9887 – telephone
(307) 682-9888 – facsimile
john@cottonlaw.net

Timothy C. Cotton, #6-3844
CottonLegal
130 North Ash Street, Suite 105
Casper, WY 82601
(307) 265-0208 – telephone
(307) 265-0319 – facsimile
 t.cotton@cottonlegal.com

16

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, by and through their undersigned attorneys, and in accordance with Rule 38 of the Federal Rules of Civil Procedure, requests that this matter be tried to a Jury.  The requisite fee is submitted herewith.

Dated February  /5  , 2023

Counsel for Plaintiffs:

C. John Cotton, #5-2170
Cotton Law Offices
222 South Gillette Avenue
Suite 601
Gillette, WY  82716
(307) 682-9887 – telephone
(307) 682-9888 – facsimile
john@cottonlaw.net

Timothy C. Cotton, #6-3844
CottonLegal
130 North Ash Street, Suite 105
Casper, WY 82601
(307) 265-0208 – telephone
(307) 265-0319 – facsimile
t.cotton@cottonlegal.com

**COTTON LAW OFFICE, P.C.**
**C. John Cotton, Attorney at Law**
**222 South Gillette Avenue**
**Suite 601**
**Gillette, Wyoming 82716**

Telephone (307) 682-9887                                                   Facsimile (307) 682-9888

john@cottonlaw.net

February 15, 2023

United States District Court
District Of Wyoming
Clerk Of Court
111 South Wolcott
Casper, WY 82601

RE:    *Hayden Nissen et. al. v. Contango Resources, LLC*

Dear Clerk Of Court:

        Please find enclosed the following documents:

1.    Complaint And Jury Demand;
2.    Civil Cover Sheet;
3.    Summons In A Civil Action; and
4.    Check in the amount of $402.00.

        Please file the enclosed Complaint and Summons. Once they are filed, we will obtain copies electronically and obtain service on the defendant.

        If there is anything further that you need, or if you have any questions, please feel free to contact me.

        Thank you in advance for your attention to this matter.

                                Sincerely,

                                /s/ C. John Cotton

                                C. John Cotton, Esq.

Cc: Timothy C. Cotton

1